[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-16051
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 22, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 02-60200-CR-UU

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VICTOR GARRY BAXTER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 22, 2009)

Before TJOFLAT, DUBINA and MARCUS, Circuit Judges.

PER CURIAM:

Victor Garry Baxter appeals from the district court's denial of his motion to

modify his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 to the

Sentencing Guidelines, which reduced the base offense levels applicable to crack

cocaine found in U.S.S.G. § 2D1.1. On appeal, Baxter, who was sentenced based on his status as a career offender, argues that the district court erred in refusing to reduce his sentence, on grounds that United States v. Moore, 541 F.3d 1323 (11th Cir. 2008), cert. denied, McFadden v. United States, 129 S. Ct. 965 (2009), and cert. denied, __ S. Ct. __ (U.S. Mar. 9, 2009) (No. 08-8554), was wrongly decided and that the district court had discretion, under United States v. Booker, 543 U.S. 220 (2005), to consider the 18 U.S.C. § 3553(a) factors and reduce his sentence. After careful review, we affirm.

"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008).

A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." Id. A sentence modification is not consistent with the Commission's policy statements where an amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

Baxter's arguments are foreclosed by precedent. In <u>Moore</u>, we held that where a defendant's base offense level is calculated under the career offender provision in U.S.S.G. § 4B1.1 rather than the drug quantity table in § 2D1.1(c), Amendment 706 does not operate to lower the defendant's guideline range and, therefore, the defendant is not eligible for a sentence modification under § 3582(c)(2). 541 F.3d at 1330. Because <u>Moore</u> has not been overruled by this Court sitting <u>en banc</u> or the Supreme Court, the district court was bound to follow its holding. <u>United States v. Valladeres</u>, 544 F.3d 1257, 1264-65 (11th Cir. 2008). Moreover, we have held that <u>Booker</u>, standing alone, does not provide a district court with jurisdiction to modify a defendant's sentence under § 3582(c)(2). <u>United States v. Moreno</u>, 421 F.3d 1217, 1220-21 (11th Cir. 2005). Thus, the district court did not err in denying Baxter's § 3582(c)(2) motion, and, accordingly, we affirm.

**AFFIRMED.**